IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO.  3:14-00050-05

MARSHALL LEE GRAVES II
    also known as "Bro Marsh"

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Motion to Suppress Search Warrant (ECF No. 362), his Motion to Sever (ECF No. 363), and his Motion to Suppress Evidence Obtained from Electronic Surveillance (ECF No. 364). On July 14, 2014, the Court heard oral argument regarding these motions. For the reasons explained below and at the pretrial motions hearing in this case, all three Motions are **DENIED**.

### I. Motion to Suppress Warrant

Defendant's Motion to Suppress Search Warrant, ECF No. 362, is denied for three reasons.

First, the information obtained from the two confidential informants—noted as "CS #1" and "CS #2" in the affidavit supporting the warrant application—provided a substantial basis for the Magistrate's decision to grant the warrant. *See Massachusetts v. Upton*, 466 U.S. 727, 728 (1984) ("[T]he task of a reviewing court is not to conduct a de novo determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant."). CS #1 had been known by law enforcement for approximately six months, made approximately ten controlled buys, and also placed calls to

individuals involved in the alleged conspiracy. She provided no information that was later found to be untrue; neither did she secret any money or drugs in the course of these controlled purchases. Although she did take drugs on two occasions in the course of her involvement in the investigation, she was forthright with law enforcement about that use. CS #1 was reliable, and law enforcement was justified in using the information that she provided. *See United States v. Redd*, 341 F. App'x 864, 867 (4th Cir. 2009) (finding that the confidential informant's veracity, reliability, and basis of knowledge were "well-established" where the agent "testified that the [confidential informant] had worked with him and other members of the Virginia State Police on controlled drug purchases for the prior four or five months" and "[h]e confirmed the [confidential informant]'s reliability and credibility over that time period").

Although Drug Enforcement Administration Special Agent Tom Bevins was unable to recall the name of CS #2, that individual was directed to Agent Bevins by other law enforcement officers and communicated direct personal observations regarding the alleged conspiracy. Her statements implicating herself in criminal activity bolster a finding of reliability. *See id.* (finding that the information provided by the confidential informant helped provide a substantial basis for granting the warrant in part because "the [confidential informant] made statements against her penal interests in this case, and thus [she] had no motivation to lie"). Looking at the totality of the circumstances regarding these two confidential informants, the information they provided created a substantial basis for granting the warrant in this case. *See Illinois v. Gates*, 462 U.S. 213, 230 (1983) (adopting a totality of the circumstances approach for deciding whether information provided by an informant supports probable cause for the issuance of a search warrant).

Second, the remaining portions of the affidavit supporting the warrant application provide information that is independently sufficient to create a substantial basis for granting the warrant. The warrant application discusses surveillance conducted on and phone calls placed among the alleged co-conspirators—including Defendant—, in addition to making generalized conclusions and allegations about the conspiracy as a whole. For example, the affidavit notes that the Source of Supply visited Kenneth Newman's residence on January 17, 2014, that Defendant received a call that same day informing him that the Source of Supply "left something" for Defendant at Mr. Newman's residence, and that Defendant visited Mr. Newman's residence for a short time that same day. Bevins' Aff. Supp. Warrant Appl. ¶¶ 5-7, ECF No. 362 at 3-11. It is alleged that the "something" was cocaine. *Id.* ¶8. The Court finds that the information provided in the warrant application appears, at this time, to generally be accurate. Nothing was provided in the warrant application that was reckless or fabricated or that appears to have had an improper influence on the Magistrate. Therefore, the information provided in the warrant application creates an independent, substantial basis for a finding of probable cause.

Third, even if the warrant was invalid, the good faith exception to the warrant requirement would apply to save the evidence seized, as there is no indication that Agent Bevins or any other officers involved were dishonest or reckless when applying for the warrant or that they did not reasonably believe that probable cause for the warrant existed. *See United States v. Leon*, 468 U.S. 897, 926 (1984) ("[S]uppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.").

For all of these reasons, Defendant's Motion to Suppress Search Warrant is **DENIED**.

## II. Motion to Sever

Defendant argues that he should be severed from the other defendants in this case "because of the strong possibility of multiple conspiracy evidence" and because "the 'spillover' effect from testimony against more culpable co-defendants will prejudice [him]." ECF No. 363. Defendant also noted the risk that other co-defendants may not be forthcoming in testifying at a joint trial.

Federal Rule of Criminal Procedure 14(a) provides, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Defendant must overcome a high bar to prove prejudice, however, as he must show "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Additionally, the Court must keep in mind the presumption that co-defendants be tried together. *United States v. Spitler*, 800 F.2d 1267, 1271 (4th Cir. 1986).

The Court believes that severance is not justified in this matter at this time, in part based on the intertwined nature of the evidence in this case. Defendant has not made the showing of prejudice necessary such that severance should be ordered. Furthermore, at this time, it appears that other measures—such as limiting instructions—could mitigate any potential for prejudice. Defendant's Motion to Sever is therefore **DENIED**.

### III. Motion to Suppress Evidence Obtained from Electronic Surveillance

Defendant argues that all information derived from electronic surveillance should be suppressed because the orders authorizing wiretaps do not specify the person authorizing the application, in violation of 18 U.S.C. § 2518, such that the orders authorizing the wiretaps were

insufficient and the resulting communications were unlawfully intercepted. ECF No. 364. He argues that the wiretap orders are insufficient in that they only state that the underlying application is "made pursuant to the authority of a specially designated representative of the Attorney General of the United States and therefore satisfies the dictates of Title 18, United States Code, Section 2516(1)." *Id.*

Federal law provides, "Each order authorizing or approving the interception of any wire, oral, or electronic communication under this chapter shall specify . . . the identity of the agency authorized to intercept the communications, and of the person authorizing the application." 18 U.S.C. § 2518(4)(d). Additionally, "Any aggrieved person in any trial, hearing, or proceeding in or before any court . . . may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that--(i) the communication was unlawfully intercepted; [or] (ii) the order of authorization or approval under which it was intercepted is insufficient on its face." *Id.* § 2518(10)(a).

The Fourth Circuit has been silent on the precise issue of the sufficiency of a wiretap order that does not specifically name the individual under whose authority the wiretap application was made. However, the Tenth Circuit addressed a similar issue in *United States v. Radcliff*, 331 F.3d 1153 (10th Cir. 2003). In *Radcliff*, the wiretap applications identified by name two individuals who were in fact authorized to make the applications. However, the wiretap orders omitted their names, instead stating that the applications were:

> authorized by Attorney General Janet Reno who delegated her authority to an Assistant or Acting Assistant Attorney General in charge of the Criminal Division or any Deputy or Acting Deputy Assistant Attorney General of the Criminal Division, of the United States Department of Justice, pursuant to the power delegated to that official by special designation of the Attorney General and vested in the Attorney General by Section 2516 of Title 18, United States Code[.]

*Id.* at 1161. First, the Tenth Circuit inquired into whether the wiretap orders were facially sufficient, finding that they were not:

> Section 2518(4)(d) requires that a wiretap order *specify* the *identity* of the person authorizing the application. The orders in this case did not specify the identity of any person. Instead, they listed by title every Department of Justice official with legal authority to authorize an application. This general language fails to specify the identity of any person at all—anyone holding any title identified in the wiretap order could have been the person who authorized the wiretap applications. Because numerous offices with numerous officeholders are listed in the instant orders, no individual has been identified as the authorizing official. Thus, we find these orders to be facially insufficient in violation of § 2518(10)(a)(ii).

*Id.* at 1161-62 (footnote omitted). Having made that determination, the Tenth Circuit next considered whether suppression was warranted because of this violation,[1] ultimately finding that suppression was not warranted:

> [T]he purpose of § 2518(4)(d) is to fix responsibility with the person who authorized the application. We find that the defects in the instant orders did not subvert this purpose. In this case, an appropriate official from the Department of Justice authorized every application, and Judge Kane knew that official's identity when he granted the orders. Even further, from the moment he knew of his indictment, Defendant himself knew the identity of the officials who authorized the applications. Thus, as the district court found, the facial insufficiency here was a technical defect that did not disrupt the purposes of the wiretap statute or cause any prejudice to Defendant.

*Id.* at 1163 (citation omitted). Other circuits have similarly looked to whether an insufficiency is merely technical. *See United States v. Lomeli*, 676 F.3d 734, 742 (8th Cir. 2012) (where the wiretap application stated that documents indicating authorization were attached, but in fact those documents were absent, finding that the insufficiency was not merely technical because

---

[1] In performing this two-step inquiry, the Tenth Circuit noted that U.S. Supreme Court precedent "articulated this second requirement specifically with respect to motions to suppress under [§ 2518] (10)(a)(i)" but that it now "join[ed] [its] sister circuits in holding that this requirement is equally applicable to motions to suppress under § 2518(10)(a)(ii)." *Id.* at 1162 (citation omitted). While the Fourth Circuit was not one of the "sister circuits" cited, there is no authority indicating that the Fourth Circuit has taken a contrary position.

"there is nothing in the record to give us reason to believe that the judge authorizing the wiretap . . . knew that the requisite authority was obtained"); *United States v. Traitz*, 871 F.2d 368, 379-80 (3d Cir. 1989) (using the same two-step analysis and finding that suppression was not warranted, although the wiretap order "failed to adequately make the relevant identifications," because the application and affidavit revealed identifying information, such that the order only had "technical defects"). *But see United States v. Glover*, 736 F.3d 509, 513 (D.C. Cir. 2013) (holding that "[s]uppression is the mandatory remedy when evidence is obtained pursuant to a facially insufficient warrant").

The Court has reviewed the wiretap documents involved in this case. The Court notes that although each wiretap order may not specify the exact individual under whose authority the application is made, the application materials make it clear which appropriate official authorized each application. Their identities were known to the Court when the applications were approved. Therefore, to the extent that there is any defect in the wiretap orders, the Courts finds that those defects are merely technical. Accordingly, evidence obtained through the wiretap in this case will not be suppressed, and Defendant's Motion to Suppress Evidence Obtained from Electronic Surveillance is **DENIED**.

## IV. Conclusion

For the reasons explained above and at the pretrial motions hearing, Defendant's Motion to Suppress Search Warrant, Motion to Sever, and Motion to Suppress Evidence Obtained from Electronic Surveillance are **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals Service.

ENTER:	August 6, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE